UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

         v.

OSVALDO RIVERA-AMARO,

             Defendant.

_____

**ORDER**

1:18-CR-00183 EAW

On October 11, 2018, defendant Osvaldo Rivera-Amaro ("Defendant") pleaded guilty to conspiracy to attempted possession of cocaine with intent to distribute in violation of 21 U.S.C. § 846. (Dkt. 38; Dkt. 39). On May 1, 2019, Defendant was sentenced to 46 months imprisonment, with a total of three years of supervised release to follow with various conditions. (Dkt. 61; Dkt. 63). Defendant is presently scheduled to be released from custody on August 3, 2021. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 4, 2020).

On April 30, 2020, Defendant emailed the warden of Federal Medical Center Lexington, where he is presently detained, requesting compassionate release. (Dkt. 85 at ¶¶ 7, 22). On May 30, 2020, Defendant had not yet received a response from the warden (*id.* at ¶ 25) and filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) with the Court (Dkt. 85). In the motion, Defendant requests that his conditions of supervised release be modified to allow him to serve his remaining sentence on home confinement. (*Id.* at 22). The Court issued a text order on June 2, 2020, requesting that the Government provide, in addition to its response, specific information regarding Defendant's equal protection claim.

- 1 -

(Dkt. 87).  The Government filed its response on June 4, 2020, indicating that it did not oppose Defendant's request for compassionate release without providing the specific information requested by the Court.  (Dkt. 88).  Defendant filed a reply the same day requesting immediate release.  (Dkt. 89)

After considering the applicable factors set forth in 18 U.S.C. § 3553(a), the standard set forth at 18 U.S.C. § 3582(c)(1)(A), and the Policy Statement of the Sentencing Commission set forth at U.S.S.G. § 1B1.13, the Court hereby finds that extraordinary and compelling reasons warrant a reduction in Defendant's sentence; and further finds that the administrative exhaustion requirement has been met; and further finds that a reduction in sentence is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the Policy Statement set forth at U.S.S.G. § 1B1.13.

Accordingly it is hereby ORDERED as follows:

1.      Defendant's Motion for Compassionate Release (Dkt. 85) is hereby GRANTED;

2.      Defendant's sentence is hereby reduced to TIME SERVED and Defendant is ordered to be IMMEDIATELY RELEASED effective June 5, 2020.  The Court directs the Bureau of Prisons to immediately commence the processing of Defendant's release from custody, and the United States Attorney's Office and United States Probation Office are directed to take all steps to communicate and facilitate Defendant's immediate release in accordance with this Order;

- 2 -

3.      Defendant's term of supervised release shall commence immediately upon his release from incarceration, subject to the terms and conditions set forth in the judgment (Dkt. 63) except that the conditions are modified as follows:

a.      Following his release, Defendant is ordered to travel directly to his residence at 70 Burnette Place, Tonawanda, New York 14150, he may not make additional stops on his return home, and he should wear a face covering and use reasonable precautions to socially distance himself from others during his travel;

b.      Upon returning to his home, Defendant must self-quarantine for fourteen (14) days;

c.      The condition of home detention subject to electronic monitoring for three (3) months is hereby added, although implementation of this condition may be deferred for up to sixty (60) days at the discretion of the United States Probation Department so as to ensure the safety of Defendant and Probation officers and personnel; and

d.      Within 24 business hours of his release Defendant must contact the duty probation officer in the Western District of New York at 716-362-5201; and

4.      In light of the reduction in Defendant's sentence, the Text Order issued on June 2, 2020, is moot, and the Government is no longer required to provide the Court with the information requested therein.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:  June 4, 2020
        Rochester, New York